**Zainabu KAMARA, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE,**
**Respondent.**

No. 97–3673.

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1998.

Decided July 27, 1998.

Rehearing Denied Oct. 6, 1998.

1. Aliens ⊕54(5)

Panravee Vongjaroenrat, Arlington, VA, argued (Rancall L. Johnson, Arlington, VA, on the brief), for Petitioner.

Marshall T. Golding, INS, Washington, DC, argued, for Respondent.

Before RICHARD S. ARNOLD, Chief Judge, LAY and LOKEN, Circuit Judges.

PER CURIAM.

Zainabu Kamara petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the denial of her motion to reopen her deportation proceedings. Kamara brought her motion pursuant to section 242B of the Immigration and Nationality Act ("the Act"), codified at 8 U.S.C. § 1252b (1992).[1] For the reasons given below, we grant the petition, vacate the BIA's order, and remand the case for further proceedings.

I. *Facts*

Kamara, a native of Sierra Leone, entered the United States as a visitor for pleasure on June 14, 1991. The INS arrested Kamara on September 29, 1992 and charged her with remaining in the United States for a time longer than permitted, in violation of Section 241(a)(1)(B) of the Act. INS personally served an Order to Show Cause upon Kamara, which informed her there would be a deportation hearing. At the time of her arrest, Kamara lived in Inver Grove Heights, Minnesota with her boyfriend. According to Kamara's affidavit, her boyfriend abused her regularly, destroyed her passport and report-ed her to the INS. Upon her release from detention, Kamara left Minnesota and moved to Maryland to stay with family. Once in Maryland, Kamara asked her uncle, Tom Bendu, to post bond for her with the INS. Bendu contacted the Detention and Deportation Unit of the Washington District Office of the INS, located in Arlington, Virginia, to post bond and to provide the INS a new address for Kamara. Bendu gave the clerk at the INS office his address and stated Kamara would be living with him. Bendu was informed that he could not post bond for Kamara as intended because someone had already posted the bond. During this same time, Kamara was diagnosed and hospitalized for inactive tuberculosis.

On March 10, 1993, the Immigration Court held a deportation hearing on Kamara's case. When Kamara failed to appear, the Immigration Judge ("IJ") conducted the hearing in absentia, found Kamara deportable and entered an order of deportation. Around this same time, Kamara retained local counsel in Virginia. The local counsel made inquiries at the Detention and Deportation Unit in Minnesota and was not advised of any deportation hearing date. In April 1993, Kamara's local counsel filed an asylum application on her behalf.

Kamara later learned of the deportation order issued against her and filed a motion to reopen on October 2, 1995, over two years after the deportation order was issued. Kamara alleged two grounds supporting the motion: (1) exceptional circumstances, namely that the need to leave her abusive boyfriend and her illness prevented her from attending the deportation hearing; and (2) the INS failed to provide her with adequate notice of the deportation hearing.

The IJ denied Kamara's motion to reopen because it found: (1) Kamara failed to file the motion within 180 days after the date of the order of deportation, as required when alleging exceptional circumstances pursuant to § 1252b(c)(3)(A); and (2) the INS had complied with the notice requirements set

---

1. 8 U.S.C. § 1252b was subsequently repealed by Pub.L. 104–208 on Sept. 30, 1996.

forth in §§ 1252b(a)(2) and 1252b(c)(3)(B).[2] The BIA affirmed the IJ's denial of the motion to reopen. In its decision, the BIA stated only that the motion to reopen was time-barred under § 1252b(c)(3)(A). Kamara then brought this petition for review pursuant to 8 U.S.C. § 1105a.

## DISCUSSION

Kamara raises four issues on appeal: (1) whether the BIA erred by not considering or addressing the adequacy of the hearing notice; (2) whether the IJ and BIA properly concluded Kamara failed to establish that exceptional circumstances prevented her from attending the deportation hearing; (3) whether the IJ properly concluded the notice provided to Kamara was statutorily sufficient; and (4) whether the IJ properly denied Kamara's request for a hearing to present evidence in support of her motion to reopen.

### A. BIA Decision

█ Kamara contends the BIA abused its discretion in affirming the denial of the motion to reopen by not adequately addressing both issues she raised on appeal. In its decision, the BIA concluded only that Kamara failed to file her motion to reopen within the 180–day limitation period set forth in 8 U.S.C. § 1252b(c)(3)(A). The 180–day time limit applies only to those motions to reopen based upon the existence of "exceptional circumstances." Section 1252b(c)(3)(B), on the other hand, allows a deportation order to be rescinded *at any time* when the motion is based on allegedly inadequate notice. In this case, Kamara's motion to reopen was based in part on inadequate notice. The BIA is bound to address all issues raised on appeal. *See Rodriguez–Rivera v. I.N.S.*, 993 F.2d 169, 170 (8th Cir. 1993) (the BIA must "consider the issues raised and announce its decision in terms

sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (internal citations omitted)). The BIA failed to consider whether the deportation notice was adequate. Therefore, we find the BIA abused its discretion by not considering all of the issues Kamara raised on appeal.

### B. Exceptional Circumstances

Section 1252b(c)(3)(A) provides that an order of deportation may be rescinded upon a showing that the failure to appear was due to exceptional circumstances. That section also requires that a motion to reopen based upon exceptional circumstances must be filed within 180 days after the date of the order of deportation. In this case, Kamara did not file her motion to reopen until two years after the IJ issued the order of deportation. Therefore, even if Kamara had established that exceptional circumstances prevented her attendance, the IJ properly denied her motion to reopen as time-barred. We find the IJ and BIA did not err in denying the motion to reopen based upon exceptional circumstances.

### C. Adequacy of Notice

Kamara contends the IJ erred by denying her motion to reopen because she did not receive the notice required by § 1252b(a)(2). Section 1252b(c)(3)(B) provides that a motion to reopen to rescind an in absentia deportation order may be filed at any time if the alien demonstrates that she did not receive notice in accordance with Section 1252b(a)(2). Written notice of the deportation hearing must be given in person to the alien or, if personal service is not practicable, by certified mail. 8 U.S.C. § 1252b(a)(2)(A) (1992). Written notice of the hearing "shall be considered sufficient ... if provided at the most recent address provided [by the alien]." *Id.* § 1252b(c)(1). It is the alien's responsibility

---

**2.** At the time of Kamara's hearing, Section 1252b provided that an order of deportation could be rescinded only:

(A) upon a motion to reopen filed within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances ..., or

(B) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with subsection (a)(2) of this section.... 8 U.S.C. § 1252b(c)(3) (1992).

to notify the INS of any change of address. *See* 8 U.S.C. § 1252b(a)(1)(F)(ii) ("[T]he alien must provide the Attorney General immediately with a written record of any change of the alien's address or telephone number."). The Order to Show Cause served on Kamara during her initial detention also required Kamara to provide the INS notice of any change of address.

 The question here is whether Kamara's uncle, Tom Bendu, provided sufficient written notice of Kamara's change of address to the INS. We conclude he did. In his affidavit, Bendu states that he informed the INS office in Arlington, Virginia that Kamara would be living with him at his Maryland residence. The record contains a copy of an "Obligor Information Sheet" completed by Bendu. On the form, Bendu provided his mailing address and telephone number. He then told the INS clerk that Kamara would be living with him at that address. On the form itself, someone, presumably the INS clerk, wrote "$1,000.00—address same." App. at p. 56. This appears to indicate that Kamara's address was the same as Bendu's address. While the completed Obligor Information Sheet was not an ideal form of written notice of a change of address, we find it provided sufficient written notice of a change in address for the purposes of 8 U.S.C. § 1252b(a)(1)(F)(ii).

 Once the Virginia INS office had received written notice of the change of address, it was their responsibility to enter the new address into the central filing system specifically created in connection with the enactment of § 1252b.[3] It is possible that Kamara did not receive notice of her deportation hearing because the Virginia INS office failed to enter her new address into the filing system. In light of this, we find the INS failed to send the deportation hearing notice to the most recent address provided

by Kamara, and therefore did not provide notice in accordance with 8 U.S.C. § 1252b(a)(2). Kamara's motion to reopen to rescind the deportation order should have been granted pursuant to 8 U.S.C. § 1252b(c)(3)(B). Having determined the IJ erred in denying the motion to reopen, we need not consider whether the IJ erred as a matter of law by denying Kamara a hearing to present evidence in support of her motion to reopen.[4]

We vacate the denial of the motion to reopen on the grounds that petitioner failed to receive adequate notice.

IT IS SO ORDERED.

---

3. Section 545 of the Immigration Act of 1990, which enacted the new in absentia provisions codified at 8 U.S.C. § 1252b, required the Attorney General to establish a central file address system to collect and preserve changes of addresses of aliens in deportation hearings.

4. At oral argument on appeal, petitioner's counsel urged that Kamara seeks only to reopen her

deportation proceedings in order to pursue asylum relief. Since January 17, 1995, petitioner has been married to a legal permanent resident, Sarif Taylor–Kamara.