UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 01-1292
(A72-377-000)

Edward Njie-Mokonya,

Petitioner,

versus

U.S. Immigration & Naturalization Service,

Respondent.

O R D E R

The court amends its opinion filed October 24, 2001, as follows:

On the cover sheet, section 2 -- the caption is corrected as follows:  "John Ashcroft, Attorney General" is deleted.

On the cover sheet, section 7 -- the Department of Justice attorney represents the "Respondent," not "Respondents."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

EDWARD NJIE-MOKONYA,
Petitioner,

v.

No. 01-1292

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals.
(A72-377-000)

Submitted: September 28, 2001

Decided: October 24, 2001

Before WIDENER and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Carrie Crawford, Laurel, Maryland, for Petitioner. Stuart E. Schiffer,
Acting Assistant Attorney General, David V. Bernal, Assistant Direc-
tor, Anthony C. Payne, Office of Immigration Litigation, Civil Divi-
sion, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Edward Njie-Mokonya, a native and citizen of Cameroon, seeks review of an order of the Board of Immigration Appeals ("Board") affirming without opinion the Immigration Judge's ("IJ") order denying Njie-Mokonya's motion to reopen his case.

After Njie-Mokonya failed to appear for a deportation hearing, the IJ ordered Njie-Mokonya deported to Cameroon upon conducting the hearing in absentia. Nearly three years after his in absentia deportation order, Njie-Mokonya moved the Immigration Court to reopen the case and rescind the order claiming that at no time prior to the hearing was he notified by counsel of the October 8, 1997 deportation proceedings, nor was he advised to appear in court on such date. The IJ denied the motion, and the Board affirmed. On appeal, Njie-Mokonya contends that (1) his due process rights were violated because he did not receive proper notice of the hearing; and (2) his counsel's failure to notify him of the hearing constituted ineffective assistance which established "exceptional circumstances" to excuse his absence at the hearing. We affirm.

This court's review of the Board's denial of a motion to reopen is extremely deferential, and the decision will not be reversed absent abuse of discretion. Stewart v. INS, 181 F.3d 587, 595 (4th Cir. 1999). Motions to reopen are disfavored. INS v. Doherty, 502 U.S. 314, 323 (1992); 8 C.F.R. § 3.2(c) (2000). When, as here, the Board chooses to rely on the express reasoning of the IJ in a short per curiam opinion, that reasoning is the sole basis for our review and will be reversed if inadequate. Gandarillas Zambrana v. Board of Immigration Appeals, 44 F.3d 1251, 1255 (4th Cir. 1995).

We first find Njie-Mokonya's due process argument without merit. See Garcia v. INS, 222 F.3d 1208, 1209 (9th Cir. 2000); Wijeratne v.

2

INS, 961 F.2d 1344, 1346 (7th Cir. 1992). Second, we have reviewed the administrative record and agree with the IJ's conclusion that the motion to reopen was untimely. See 8 U.S.C.A. § 1229a(b)(5)(C)(i) (West 1999); 8 C.F.R. § 3.2(c)(3) (2000); 8 C.F.R. § 3.23(b)(4)(ii) (2000); Anin v. Reno, 188 F.3d 1273, 1278 (11th Cir. 1999); Kamara v. INS, 1149 F.3d 904, 906 (8th Cir. 1998). To the extent that Njie-Mokonya claims that former counsel's ineffectiveness constitutes an exception to the time and numerical bars on motions to reopen, the Board has held that an ineffective assistance claim does not qualify as an exception to the 180-day statutory limit for the filing of a motion to reopen or rescind an in absentia order of deportation. In re A-A-, Int. Dec. 3357 (BIA 1998) (en banc); In re Lei, Int. Dec. 3356 (BIA 1998) (en banc). In any event, the IJ properly found that Njie-Mokonya's claim of ineffective assistance of counsel was defective as it failed to meet the requirements of Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988).

We have carefully reviewed the record and find no abuse of discretion in the IJ's denial of Njie-Mokonya's motion to reopen. Accordingly, we affirm the denial of relief on this claim. We further grant Respondent's motion to withdraw, relieve, or substitute attorney. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3