# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 04-1939/2727

_____

James Wamiti Kanyi,           *
                                           *

        Petitioner,          *

                                         *   On Appeal from the Decision

      v.                       *   of the United States Board of

                                         *   Immigration Appeals.

Alberto Gonzales,[1] Attorney General   *
of the United States,           *

                                         *

        Respondent.        *

_____

Submitted: February 18, 2005
Filed: May 12, 2005

_____

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and GRUENDER, Circuit
Judges.

_____

BOWMAN, Circuit Judge.

James Wamiti Kanyi, a native and citizen of Kenya, petitions for review of the Board of Immigration Appeals (BIA) decision denying his motion to reopen his removal proceedings. We deny the petition for review.

_____

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Alberto Gonzales is substituted automatically for his predecessor, John Ashcroft, as respondent.

Kanyi was admitted to the United States in March 1993 as a nonimmigrant student with permission to remain in the country for the duration of his studies. After his studies were completed and without authorization from the Immigration and Naturalization Service (INS), Kanyi remained in the United States and obtained employment. The INS commenced removal proceedings against Kanyi in September 2001 by filing a Notice to Appear, which charged that Kanyi was removable as an alien who remained in the United States for a period longer than authorized and who failed to maintain or comply with the conditions of his admission. 8 U.S.C. § 1227(a)(1)(B) & (a)(C)(i).

At a hearing before an immigration judge (IJ), Kanyi admitted the factual allegations against him and conceded removability. On September 3, 2002, Kanyi and his attorney appeared at a subsequent hearing before the IJ, but were told that the IJ was ill and that the hearing would be rescheduled to February 11, 2003. Neither Kanyi nor his attorney appeared at the rescheduled hearing and the IJ ordered Kanyi removed in absentia.

On February 18, 2003, Kanyi filed with the IJ a motion to reopen his removal proceedings, alleging that he did not receive notice of the February 11, 2003, rescheduled hearing date. On April 25, 2003, the IJ denied Kanyi's motion to reopen after the INS and the immigration court staff produced copies of the completed certificate of service indicating that notice of the rescheduled hearing date had been served personally on Kanyi's attorney when he appeared for the original hearing on September 3, 2002.[2] The IJ found that the copies of the completed certificate of service created a strong presumption that Kanyi had received notice. Because Kanyi

---

[2]Whenever notice is required in immigration proceedings, "such notice . . . shall be given by or to, served by or upon, made by, or requested of the attorney or representative of record, or the person himself if unrepresented." 8 C.F.R. § 292.5(a).

failed to prove that neither he nor his attorney received notice of the rescheduled hearing, the IJ denied Kanyi's motion to reopen his removal proceedings.

Kanyi appealed to the BIA the IJ's denial of his motion to reopen. The BIA affirmed the IJ's decision on February 2, 2004. Kanyi did not file a petition for review of this decision. Rather, on February 9, 2004, Kanyi filed with the BIA another motion to reopen his removal proceedings. This motion was based on Kanyi's pending application for adjustment of status on the grounds of his marriage to a United States citizen. On March 23, 2004, the BIA denied the motion to reopen, concluding that it exceeded the numerical limitations on motions to reopen removal proceedings when an order of removal is entered in absentia.[3] Kanyi timely filed a petition for review of this decision on April 20, 2004.

On April 28, 2004, Kanyi filed with the IJ another motion to reopen his removal proceedings, reiterating his claim that he did not receive notice of the rescheduled hearing and adding a claim that he received ineffective assistance of counsel. Kanyi argued that the time and numerical limitations on motions to reopen proceedings for in absentia removal orders should not apply in his case because his attorney was incompetent. On June 23, 2004, the IJ forwarded this motion to the BIA, concluding that the BIA had jurisdiction over the matter.

---

[3]In its July 9, 2004, decision, the BIA acknowledged that its reasoning in the March 23, 2004, decision denying Kanyi's motion to reopen was erroneous, although its conclusion was correct. The BIA explained that it properly denied Kanyi's February 9, 2004, motion because Kanyi was seeking to reopen his removal proceedings based on a new form of relief—adjustment of status. Because Kanyi received oral notice from the IJ of the consequences of failing to appear at his removal hearing and still failed to appear, Kanyi was not eligible for adjustment of status for a ten-year period from the IJ's February 11, 2003, order of removal. See 8 U.S.C. § 1229a(b)(7).

The BIA denied Kanyi's motion on July 9, 2004, noting that a motion to reopen removal proceedings when an order of removal is entered in absentia must be filed within 180 days of the date the removal order is entered. Kanyi's April 28, 2004, motion to reopen was filed more than 365 days from the IJ's February 11, 2003, in absentia removal order. The BIA concluded that Kanyi's ineffective-assistance-of-counsel claim did not operate as an exception to the filing requirement. Kanyi timely filed a petition for review of this decision.[4]

We review the BIA's denial of a motion to reopen removal proceedings for an abuse of discretion. INS v. Doherty, 502 U.S. 314, 322 (1992); Gebremaria v. Ashcroft, 378 F.3d 734, 738 (8th Cir. 2004). The BIA abuses its discretion if its decision is "without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim." Feleke v. INS, 118 F.3d 594, 598 (8th Cir. 1997). Motions to reopen immigration proceedings are disfavored because of the strong public interest in bringing such proceedings to a conclusion, and because freely granting such motions allows repeated delay "'by aliens creative and fertile enough to continuously produce new and material facts sufficient to establish a prima facie case.'" Gebremaria, 378 F.3d at 737 (quoting INS v. Abudu, 485 U.S. 94, 108 (1988)).

When an order of removal is entered in absentia, an alien may file a motion to reopen his removal proceedings "within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i); 8 C.F.R. § 1003.23(b)(4)(ii). Exceptional circumstances are those "such as serious illness of the alien or serious

_____

[4]This petition for review was consolidated with Kanyi's petition for review of the BIA's March 23, 2004, decision denying his motion to reopen based on adjustment of status. In his opening brief, Kanyi abandons his appeal of the BIA's March 23, 2004, decision and, accordingly, we do not consider it.

illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances" beyond the alien's control.  8 U.S.C. § 1229a(e)(1).

Kanyi concedes that his April 28, 2004, motion to reopen was filed more than 180 days after the IJ's February 11, 2003, in absentia removal order was issued.  He argues, however, that the 180-day filing period should be tolled in his case because his counsel's performance was ineffective.  Specifically, Kanyi argues that his attorney's failure to appear at the rescheduled removal hearing—despite having received notice—constituted ineffective assistance of counsel that warrants tolling the filing period.

In general, a filing period may be equitably tolled if the applicant seeking such relief demonstrates that he has exercised due diligence in pursuing his case during the period he seeks to toll.  See Iavorski v. INS,  232 F.3d 124, 134–35 (2d Cir. 2000) (holding that limitation on filing motions to reopen immigration proceedings may be equitably tolled but that alien failed to exercise required diligence); Jobe v. INS, 238 F.3d 96, 100–101 (1st Cir. 2001) (en banc) (refusing to decide whether equitable tolling applies to filing requirement in immigration proceedings because alien failed to exercise due diligence).  We have not had occasion to decide whether the 180-day filing period proscribed in 8 U.S.C. § 1229a(b)(5)(C)(i) may be equitably tolled,[5] and we note that resolution of this issue has created a split among the circuit courts. Compare Anin v. Reno, 188 F.3d 1273, 1278 (11th Cir. 1999) (holding that filing requirement of 8 U.S.C. § 1252b(c)(3)(A), the predecessor to 8 U.S.C. § 1229a(b)(5)(C)(i) for deportation proceedings, is "jurisdictional and mandatory"), with Borges v. Gonzales, 402 F.3d 398, 406 (3rd Cir. 2005) (holding that 8 U.S.C.

---

[5]In Kamara v. INS, 149 F.3d 904, 906 (8th Cir. 1998), we concluded that even if an alien established exceptional circumstances preventing attendance at her deportation proceedings, the alien's failure to file a motion to reopen within the 180-day filing period precluded relief.  In Kamara, the alien did not argue that the 180-day filing period should be equitably tolled.

§ 1229a(b)(5)(C)(i) filing requirement is subject to equitable tolling in certain circumstances), Pervaiz v. Gonzales, No. 04-2958, 2005 WL 949080, at *2 (7th Cir. Apr. 18, 2005) (same), and Lopez v. INS, 184 F.3d 1097, 1100 (9th Cir. 1999) (same); cf. Iavorski, 232 F.3d at 134 (holding that equitable tolling applies to 90-day filing period for motions to reopen based on new facts). We need not decide in this case, however, whether the filing period proscribed in § 1229a(b)(5)(C)(i) is subject to equitable tolling because, even if we were to decide that it is, the record shows that Kanyi has failed to prove he is entitled to such relief. See Iavorski, 232 F.3d at 134 (holding that record established alien had failed to exercise the due diligence required for equitable tolling, even though BIA did not address issue); Jobe, 238 F.3d at 101 (same).

Kanyi argues that the filing period should not begin to run on February 11, 2003—the date of the removal order, but rather that the filing period should be equitably tolled until April 20, 2004—the date Kanyi first could have learned of the removal order. Kanyi contends that, until he was detained by the INS on April 20, 2004, he was not and could not have been aware of the fact that the IJ had ordered him removed from the country in absentia. Kanyi argues that prior to April 20, 2004, he was not and could not have been aware that his attorney had been served personally with notice that the removal hearing had been rescheduled. According to Kanyi, once he became aware of these facts on April 20, 2004, he exercised due diligence by filing his motion to reopen alleging ineffective assistance of counsel on April 28, 2004—well within the 180-day filing period.

Contrary to Kanyi's claims, the record shows that he knew or should have known when the IJ issued its April 25, 2003, decision denying Kanyi's first motion to reopen that his attorney had, in fact, received notice of the rescheduled removal hearing. In that opinion, the IJ specifically found that Kanyi's "assertion that neither he nor his attorney received notice of the February 11, 2003, hearing is not supported by the evidence." Decision of IJ dated April 25, 2003, at 2. At that point, Kanyi

knew or should have known that his attorney had received notice of the rescheduled hearing—despite his attorney's claims to the contrary. At that point, Kanyi also knew or should have known that his counsel's performance had been inadequate. Due diligence required Kanyi to file his motion to reopen alleging ineffective assistance within 180 days of the IJ's April 25, 2003, decision. Kanyi did not file his motion to reopen until April 28, 2004. Accordingly, even if we were to give Kanyi the benefit of equitable tolling and we were to conclude that the 180-day filing period did not begin to run until April 25, 2003—when the record shows that Kanyi knew or should have known that his attorney did, in fact, receive notice of the rescheduled hearing—Kanyi did not file his motion to reopen in a timely manner.

For the foregoing reasons, we deny Kanyi's petition for review.

_____