

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-10-2005

# Olavides v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3861

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Olavides v. Atty Gen USA" (2005). *2005 Decisions*. Paper 237.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/237

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

_____

No. 04-3861

ROEL OLAVIDES,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the Board of Immigration Appeals

(No. A70-910-047)

Submitted Under Third Circuit LAR 34.1(a)

September 30, 2005

Before: ALITO and AMBRO, Circuit Judges, and

RESTANI*, Judge

(Opinion Filed November 10, 2005)

_____

OPINION

_____

_____
    *Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

RESTANI, Judge.

Roel Olavides ("Olavides") petitions for review of an order by the Board of Immigration Appeals ("BIA") denying Olavides' motion to reopen deportation proceedings for untimeliness. We hold that the BIA did not abuse its discretion and we deny the petition for review.

## I. Procedural and Factual Background

On June 22, 2004, Olavides, a native and citizen of the Philippines, filed a motion to reopen deportation proceedings before the BIA under 8 C.F.R. § 1003.2(c)(2). Olavides sought to reopen deportation proceedings in order to obtain relief from deportation through adjustment of status to lawful permanent resident under 8 U.S.C. § 1255(a). The BIA denied the motion to reopen on September 1, 2004.

Olavides entered the United States on a visitor visa on May 31, 1990, and filed an unsuccessful asylum application on May 4, 1993. He exceeded the stay permitted by his non-immigration visa and Immigration and Naturalization Services[1] ("INS") commenced deportation proceedings against him on February 21, 1997. The immigration judge found against Olavides on his asylum claim and granted leave for voluntary departure until May 6, 1998.

In February 1998, Olavides' attorney, Elly V. Pamatong ("Pamatong"), filed a

---

[1]Effective March 1, 2003, the functions of the INS have been transferred to the Department of Homeland Security.

timely appeal of the immigration judge's order. The BIA denied the appeal on May 16, 2002, pursuant to 8 C.F.R. § 3.1(a)(7), *since amended and renumbered as* 8 C.F.R. § 1003.1(e)(4), and granted Olavides thirty days to voluntarily depart from the United States.

On March 3, 2002, Olavides married a lawful permanent resident, who became a United States citizen on February 27, 2003. His wife filed a petition to classify him as a spouse of a United States citizen and the petition was approved on August 28, 2004.

Olavides later obtained new counsel and on September 5, 2003, Olavides prepared an affidavit alleging ineffective assistance of counsel by Pamatong, and wrote a letter informing Pamatong that he was filing a motion to reopen deportation proceedings based upon ineffective assistance of counsel. Olavides wrote to Pamatong again on June 15, 2004, and filed a complaint with the State Bar Disciplinary Committee on the same day. A motion to reopen deportation proceedings was filed on June 22, 2004, nine months after the affidavit against Pamatong was prepared. The BIA denied the motion to reopen as untimely, finding no basis to abrogate the ninety-day motions deadline. In particular, the BIA noted the nine-month delay between the filing of the affidavit and the motion to reopen.

On petition for review, Olavides asserts that his claim for ineffective assistance of counsel should equitably toll the deadline for a motion to reopen and that he exercised due diligence in pursuing his case. Additionally, Olavides argues that he should benefit from the favorable change in policy by the Department of Homeland Security toward

3

applications for adjustment of status.

## II. Discussion

An alien has the right to move to reopen deportation proceedings before the BIA if the motion is "filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). The deadline for a motion to reopen may be equitably tolled by an ineffective assistance of counsel claim. See Borges v. Gonzales, 402 F.3d 398, 407 (3d Cir. 2005). A petitioner who seeks equitable tolling, however, must exercise due diligence in pursuing the case. See Iavorski v. INS, 232 F.3d 124, 134–135 (2d Cir. 2000); Kanyi v. Gonzales, 406 F.3d 1087, 1090–91 (8th Cir. 2005); Socop-Gonzales v. INS, 272 F.3d 1176, 1193 (9th Cir. 2001). If equitable tolling applies, the filing deadline does not run until the petitioner knows or should have known that he has a claim for ineffective assistance of counsel. Kanyi, 406 F.3d at 1091. We review the BIA's decision denying the motion to reopen for abuse of discretion. See INS. v. Doherty, 502 U.S. 314, 323 (1992); Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). We discern no abuse of discretion by the BIA in denying Olavides' motion to reopen for untimeliness.

The BIA denied Olavides' motion to reopen, finding that equitable tolling did not apply because Olavides failed to exercise due diligence. The BIA relied on the fact that Olavides waited nine months after filing an affidavit alleging ineffectiveness of counsel to file a motion to reopen. In so finding, the BIA did not need to reach the merits of Olavides' ineffective assistance of counsel claim. See Iavorski, 232 F.3d at 135.

4

Olavides argues that he provided Pamatong with notice of his ineffective assistance of counsel claim on September 5, 2003, and waited nine months for a response from him, as required by the BIA's decision in <u>Matter of Lozada</u>. 19 I. & N. Dec. 637 (1998). <u>Lozada</u> does not, however, require a response from former counsel before filing a motion to reopen. See <u>Lozada</u>, 19 I. & N. Dec. at 639; <u>see</u> <u>also</u> <u>Scorteanu v. INS</u>, 339 F.3d 407, 414 (6th Cir. 2003) (finding that petitioner need only notify former attorney of charge of ineffective assistance of counsel). In any event, it is unreasonable for an alien to wait nine months to file when he knows that he has already missed his filing deadline. Accordingly, the BIA did not abuse its discretion by denying the motion to reopen and we deny the petition for review.[2]

---

[2] Assuming arguendo that Olavides had made a timely motion, Olavides cannot benefit from the change in policy on adjustment of status applications because he failed to comply with an order for voluntary departure. Absent exceptional circumstances, an alien that remains in the United States after the date for voluntary departure is barred from applying for adjustment of status for a period of five years. 8 U.S.C. § 1252b(e)(2)(A) (1995) (repealed 1996). Although the statute is now repealed, it applies to petitioner because his removal proceedings commenced prior to the effective date of the repeal.