# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3381

_____

| | |
|---|---|
| Alexander Antropov, | * |
| | * |
| Petitioner, | * |
| | * |
| | *  Petition for Review of an |
| v. | *  Order of the Board of |
| | *  Immigration Appeals. |
| Alberto Gonzales, Attorney General | * |
| of the United States of America, | * |
| | *      [UNPUBLISHED] |
| Respondent. | * |

_____

Submitted: April 17, 2006
Filed: May 24, 2006

_____

Before LOKEN, Chief Judge, LAY and BYE, Circuit Judges.

_____

PER CURIAM.

## I. BACKGROUND

Alexander Antropov is a citizen of Russia who entered the United States as an exchange visitor in 1994. In March 1996, the Immigration and Naturalization Service ("INS") commenced removal proceedings against him by filing an order to show cause, charging Antropov as a nonimmigrant subject to deportation.[1] In April 1998,

_____

[1]On March 1, 2003, the INS ceased to exist as an independent agency within the Department of Justice, and its functions and responsibilities were transferred to the

Antropov appeared pro se before an immigration judge ("IJ"), who denied his applications for asylum and withholding of deportation, but granted his application for voluntary departure.

Antropov subsequently retained Mattos Law Office to represent him in an appeal to the Board of Immigration Appeals ("BIA"). Alan Goldfarb of the Mattos Law Office agreed to personally represent Antropov, and Antropov subsequently filed a timely appeal with the BIA. In December 1998, Patricia Mattos of Mattos Law Office informed Antropov that Goldfarb had left the law firm and, as a result, she would be taking over control of his case.

In November 2001, Mattos Law Office changed its address from 1539 Grand Avenue in St. Paul, Minnesota, to 595 Selby Avenue in St. Paul, Minnesota. On July 22, 2002, the BIA affirmed each of the IJ's rulings without opinion. The BIA's decision was mailed to Alan Goldfarb at 1539 Grand Avenue, the former address listed for Mattos Law Office. Neither Mattos nor Antropov learned of the BIA's decision at this time.

In February 2003, Mattos sent Antropov a letter indicating that she had closed his file. On June 7, 2003, Antropov received a notice from the INS to appear for deportation. Antropov immediately contacted Mattos, who subsequently told Antropov, among other things, that she would ask the BIA to reissue its opinion. Shortly thereafter, Antropov received an employment authorization card from the INS authorizing him to remain in the United States until June 17, 2004.

In May 2004, Antropov contacted Mattos. Mattos responded that, although she had been unable to contact him, she was still actively working on his case. In August

newly created Department of Homeland Security ("DHS"). See Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002). In the interest of simplicity, we will continue to refer to the DHS as the INS throughout this opinion.

2004, Antropov retained new counsel. After trying unsuccessfully to locate the BIA's file, Antropov filed a Freedom of Information Act ("FOIA") request to obtain government materials relating to his case. On March 11, 2005, Antropov filed a motion to reopen with the BIA. The motion asked the BIA to "reopen [the] matter, reenter its decision, and reestablish a 30-day period of voluntary departure." The motion also asked the BIA to equitably toll the ninety-day statute of limitations period within which motions to reopen must be filed. On August 4, 2005, Antropov's file was sent to counsel pursuant to his FOIA request. On August 12, the BIA denied the motion to reopen as untimely. Antropov now appeals this ruling.

## II. DISCUSSION

Antropov contends the BIA erred when it failed to equitably toll the statute of limitations under 8 U.S.C. § 1229a(c)(7)(C)(i), thus rendering his motion to reopen untimely. We review this claim for an abuse of discretion. Nativi-Gomez v. Ashcroft, 344 F.3d 805, 807 (8th Cir. 2003). An abuse of discretion exists if the denial was made without a rational explanation, or if the decision-maker inexplicably departed from established policies or relied upon an impermissible basis. Boudaguian v. Ashcroft, 376 F.3d 825, 828 (8th Cir. 2004).

Under § 1229a(c)(7)(C)(i), a motion to reopen must be filed within ninety days "of the date of entry of a final administrative order of removal." See also 8 C.F.R. § 1003.2(c)(2). A motion to reopen, however, is a disfavored procedure. INS v. Doherty, 502 U.S. 314, 323 (1992). Nevertheless, we have recognized that equitable tolling may apply to situations where the petitioner demonstrates he acted with due diligence in pursuing his case during the period sought to be tolled, or where the petitioner was denied the effective assistance of counsel. See Kanyi v. Gonzales, 406 F.3d 1087, 1090 (8th Cir. 2005); Hernandez-Moran v. Gonzales, 408 F.3d 496, 499-500 (8th Cir. 2005); see also Socop-Gonzalez v. INS, 272 F.3d 1176, 1193 (9th Cir.

2001).  Antropov fails to show that he qualifies for either exception and, as such, the BIA's ruling was proper.

### III.  CONCLUSION

For the aforementioned reasons, we affirm the BIA's ruling.

_____