# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1779

_____

Noe Vasquez-Ramirez,                          *
                                              *
                Petitioner,                   *
                                              *  Petition for Review of
        v.                                    *  an Order of the
                                              *  Board of Immigration Appeals.
Alberto Gonzales, Attorney General            *
of the United States of America;              *      [UNPUBLISHED]
Michael Chertoff, Secretary of                *
Homeland Security,                            *
                                              *
                Respondents.[1]               *

_____

Submitted: July 7, 2006
Filed: July 17, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Noe Vasquez-Ramirez, a citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA) denying his second motion to reopen. Vasquez-Ramirez entered the United States in 1986, and in 1998 he was charged with

_____

[1]Alberto Gonzales, who has been appointed to serve as Attorney General of the United States, and Michael Chertoff, who has been appointed to serve as Secretary of the Department of Homeland Security, are substituted as respondents pursuant to Federal Rule of Appellate Procedure 43(c).

being removable. He conceded removability and in November 1999 an Immigration Judge (IJ) denied his application for cancellation of removal. The BIA affirmed the IJ's decision on October 25, 2002. In January 2003 Vasquez-Ramirez moved to reopen, asserting that his United-States-born children would suffer hardship if he is removed to Mexico, but the BIA denied the motion. On October 31, 2003, Vasquez-Ramirez again moved the BIA to reopen, this time to allow him to apply for asylum and withholding of removal on the grounds that one of his United-States-born children suffered from a psychological impairment and that his family would have decreased economical and educational opportunities in Mexico. The BIA denied the motion as numerically barred. The BIA also concluded that Vasquez-Ramirez did not qualify for the asylum-application exception to the numerical limitation because he failed to establish changed circumstances in Mexico or prima facie eligibility for asylum or withholding of removal.

We conclude that the BIA acted within its discretion in denying Vasquez-Ramirez's second motion to reopen. See 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii) (2006) (permitting only one motion to reopen, except when alien seeks to apply for asylum or withholding of removal based on changed circumstances in country to which alien is to be removed); Kanyi v. Gonzales, 406 F.3d 1087, 1089 (8th Cir. 2005) (standard of review). We cannot consider Vasquez-Ramirez's newly raised argument that the numerical limitation should be waived because he received ineffective assistance of counsel. See Alyas v. Gonzales, 419 F.3d 756, 761-62 (8th Cir. 2005).

Accordingly, we deny the petition.

_____