# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2939

_____

Gelana Amente,                          *
                                        *
            Petitioner,                 *
                                        *   Petition for Review
      v.                                *   of an Order of the
                                        *   Board of Immigration Appeals.
Alberto Gonzales,                       *
                                        *   [UNPUBLISHED]
            Respondent.                 *

_____

Submitted: August 21, 2006
Filed: August 24, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Gelana Amente, a citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen removal proceedings. Amente entered the United States in 1993, and in 2000 he was charged with being removable. He conceded removability and an Immigration Judge (IJ) denied his application for asylum, withholding of removal, and relief under the Convention Against Torture. In February 2003, the BIA summarily affirmed the IJ's decision, and a panel of this court denied Amente's petition for review. See Amente v. Ashcroft, 89 Fed. Appx. 591, 592 (8th Cir. 2004).

In April 2005 Amente moved the BIA to reopen his case on the ground that he had new evidence: an affidavit and two letters, stating that Oromos were still being persecuted in Ethiopia; and an American Journal of Public Health article summarizing the results of a study on torture and associated problems among Somali and Oromo refugees. Amente argued that this evidence showed it was more likely than not he would be tortured if returned to Ethiopia. The BIA denied the motion to reopen as untimely, and added that Amente did not qualify for the asylum-application exception to the time limitation because he failed to establish changed circumstances in Ethiopia.

The BIA did not abuse its discretion in denying Amente's motion to reopen as untimely, because it was not filed within 90 days of the final removal order. See 8 U.S.C. § 1229a(c)(6)(C)(i); Kanyi v. Gonzales, 406 F.3d 1087, 1089 (8th Cir. 2005) (standard of review). The BIA also did not abuse its discretion in finding that Amente failed to establish changed circumstances in Ethiopia. See 8 U.S.C. § 1229a(c)(6)(C)(ii) (time limitation does not apply to motion to reopen in which alien seeks to apply for asylum or withholding of removal based on changed circumstances arising in country to which alien is to be removed); Panjwani v. Gonzales, 401 F.3d 626, 632-33 (5th Cir. 2005) (BIA did not abuse its discretion in refusing to reopen deportation proceedings based on untimely nature of motion and insufficient evidence--lacking in detail and not different from that presented at removal hearing-- that country conditions had materially changed).

Accordingly, we deny the petition. We also deny Amente's motion for expedited review.

_____