# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 06-2212/07-2492/07-3287

_____

Esteban Pelico-Vicente,      *
           *
     Petitioner,     *
           *   Petitions for Review of
   v.          *   Orders of the Board
           *   of Immigration Appeals.
Michael B. Mukasey,[1]      *
United States Attorney General,   *   [UNPUBLISHED]
           *
     Respondent.    *

_____

Submitted: December 26, 2007
Filed: January 10, 2008

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Esteban Pelico-Vicente (Vicente) petitions for review of (1) an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial of asylum (No. 06-2212), and (2) BIA orders denying his subsequent motions to reopen (No. 07-2492) and to reconsider (No. 07-3287). We

_____

[1]Michael B. Mukasey has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

grant his motion to consolidate the petitions and, after carefully reviewing the record, we deny the petitions and his motion to remand to the BIA.

We review the BIA's and IJ's factual findings for substantial evidence and their legal determinations de novo. *See Sholla v. Gonzales*, 492 F.3d 946, 950 (8th Cir. 2007); *see also Setiadi v. Gonzales*, 437 F.3d 710, 713 (8th Cir. 2006) (when BIA adopts IJ's decision and adds its own reasoning, court reviews both decisions). We conclude that, given Vicente's asserted bases for asylum and the record before the IJ and the BIA, he did not establish past persecution or a well-founded fear of future persecution based on a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-84 (1992) (forced recruitment by guerrilla organization does not necessarily equate with persecution on account of political opinion); *Melecio-Saquil v. Ashcroft*, 337 F.3d 983, 987 (8th Cir. 2003) (dramatic changes in Guatemala after 1996 peace accords prevented dated events from translating into objectively reasonable fear of persecution).

As to Vicente's due process argument, we see no indication on this record that Vicente was prejudiced by the IJ's decision to allow the government to confront him with his asylum-interview statements. *See Zacarias-Velasquez v. Mukasey*, No. 06-3672, 2007 WL 4233155, at *5 (8th Cir. Dec. 4, 2007) (de novo standard of review; Due Process Clause entitles alien to fair asylum hearing); *Tun v. Gonzales*, 485 F.3d 1014, 1026 (8th Cir. 2007) (to establish due process claim, alien must show prejudice, i.e., that outcome may well have been different absent procedural irregularities at issue).

We also conclude that the BIA did not abuse its discretion in denying as untimely Vicente's February 2007 motion to reopen the BIA's April 2006 final order, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within 90 days of final removal order); in refusing to equitably toll the time limit; and in denying Vicente's motion for reconsideration of the denial to reopen. *See Kanyi v. Gonzales*,

406 F.3d 1087, 1089 (8th Cir. 2005) (standard of review for denial of motion to reopen); *Esenwah v. Ashcroft*, 378 F.3d 763, 765 (8th Cir. 2004) (standard of review for denial of motion for reconsideration).

Accordingly, we deny the petitions and the motion for remand to the BIA. Vicente moved for a stay of removal before his voluntary-departure period expired, and we therefore deem this court's grant of his unopposed motion to include a stay of the voluntary-departure period as well. *See Rife v. Ashcroft*, 374 F.3d 606, 616 (8th Cir. 2004).

_____