# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1074

_____

| | | |
|---|---|---|
| Xiaolan Shi, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the Board |
| | * | of Immigration Appeals. |
| Michael B. Mukasey,[1] | * | |
| | * | [UNPUBLISHED] |
| Respondent. | * | |

_____

Submitted: February 7, 2008
Filed: February 12, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Xiaolan Shi, a citizen of China, petitions for review of an order of the Board of Immigration Appeals (BIA) denying her motion to reopen or reconsider the BIA's earlier decision affirming an immigration judge's removal order and denial of asylum, withholding of removal, and relief under the Convention Against Torture. After carefully reviewing the record, we deny the petition.

_____

[1]Michael B. Mukasey, has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

We review for abuse of discretion the BIA's denial of a motion to reopen or reconsider, see Kanyi v. Gonzales, 406 F.3d 1087, 1089 (8th Cir. 2005) (motion to reopen); Esenwah v. Ashcroft, 378 F.3d 763, 765 (8th Cir. 2004) (motion to reconsider), without examining the merits of the underlying removal order, see Raffington v. INS, 340 F.3d 720, 721, 724 (8th Cir. 2003).

We conclude the BIA acted within its discretion in denying as untimely Shi's September 27, 2006 motion to reopen or reconsider the BIA's June 16, 2006 final order. See 8 U.S.C. § 1229a(c)(6)(B) (motion to reconsider must be filed within 30 days of final removal order); 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within 90 days of final removal order). The BIA also did not abuse its discretion in finding that the exception to the time limit for changed country conditions did not apply. See 8 U.S.C. § 1229a(c)(7)(C)(ii) (time limitation does not apply to motion to reopen to apply for asylum or withholding of removal based on changed circumstances arising in country to which alien is to be removed, if evidence of change is material and could not have been discovered or presented at previous hearing). The evidence Shi submitted with her motion--a letter from her husband dated "July 24 night" and stating that police had inquired as to Shi's whereabouts-- was insufficient to establish changed conditions in China: the letter did not bear a valid date or give any indication as to when it was received by Shi, and it did not explain what information the police had wanted or when they had made the inquiries. Cf. Panjwani v. Gonzales, 401 F.3d 626, 632-33 (5th Cir. 2005) (BIA did not abuse its discretion in refusing to reopen deportation proceedings based on untimely nature of motion and insufficient evidence--lacking in detail--that country conditions had materially changed). Shi's newly asserted claim of ineffective assistance of counsel is not reviewable. See Etchu-Njang v. Gonzales, 403 F.3d 577, 581-84 (8th Cir. 2005) (alien must present claim of ineffective assistance to BIA, either on direct administrative appeal or in motion to reopen, before he may obtain judicial review claim).

Accordingly, we deny the petition.

_____