# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-1510
_____

Enrique Lopez-Mendez

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 18, 2012
Filed: October 29, 2012

_____

Before RILEY, Chief Judge, SMITH and COLLOTON, Circuit Judges.

_____

RILEY, Chief Judge.

On June 8, 2009, an immigration judge (IJ) denied Enrique Lopez-Mendez's application for asylum and withholding of removal. The Board of Immigration Appeals (BIA) dismissed Lopez-Mendez's appeal on May 31, 2011, and denied his motion to reopen his removal proceedings on January 31, 2012. Lopez-Mendez requests we review all three decisions. The BIA did not abuse its discretion in declining to reopen Lopez-Mendez's proceedings, and we now lack jurisdiction to

review directly the two earlier decisions. See Boudaguian v. Ashcroft, 376 F.3d 825, 827 (8th Cir. 2004). Lopez-Mendez's review petition is denied.

## I. BACKGROUND

Lopez-Mendez, a native and citizen of Guatemala, entered the United States without being admitted or paroled in 2000. In 2003, the United States Immigration and Naturalization Service (INS)[1] charged Lopez-Mendez with removability under Immigration and Nationality Act § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). Lopez-Mendez sought asylum and withholding of removal based on threats he claimed he received from gang members or former guerillas in Guatemala seeking to coerce Lopez-Mendez into joining their gang.

### A. IJ Decision and Initial BIA Appeal

On June 8, 2009, the IJ denied Lopez-Mendez asylum and withholding of removal. On May 31, 2011, the BIA affirmed the IJ's denial of relief because Lopez-Mendez's "past fear of gang members, who never physically harmed him, did not rise to the level of past persecution, and . . . he failed to establish a nexus between his fear of persecution and an enumerated ground." The BIA explained Lopez-Mendez did not "establish[] that gang members will seek him out, or that they are motivated by anything other than to increase the ranks of their gang, or bolstering their criminal activity." The BIA stated that indigenous Guatemalans, such as Lopez-Mendez, are "subject to severe discrimination," but found Lopez-Mendez did not demonstrate "a pattern or practice of persecution by the government or forces the government is either unable or unwilling to control." See 8 C.F.R. § 1208.13(b)(2)(i). The BIA also denied protection under the United Nations Convention Against Torture (CAT), see 8 C.F.R. § 208.16, based on "insufficient evidence to suggest that [Lopez-Mendez]

---

[1]The INS ceased to exist in 2003, when "its enforcement functions were transferred to the Department of Homeland Security." Camishi v. Holder, 616 F.3d 883, 884 n.2 (8th Cir. 2010).

-2-

was tortured in Guatemala or that any government official in Guatemala would either torture him upon his return or acquiesce in his torture by others."

Lopez-Mendez did not petition our court for review of the BIA's May 31, 2011 decision or the earlier IJ decision within thirty days, as required by 8 U.S.C. § 1252(b)(1).

### B. Motion to Reopen Proceedings

On July 25, 2011, Lopez-Mendez moved to reopen his removal proceedings pursuant to 8 C.F.R. § 1003.23(b)(1), asserting "a material change of circumstances in that the threats to [Lopez-Mendez were] ongoing" and "based on [Lopez-Mendez's] race, namely that he is an indigenous person of Guatemala." In support, Lopez-Mendez attached two letters as exhibits. A translator Lopez-Mendez hired indicated the first letter read, in part

> You are an indigenous a[------] and we don't like it when you speak your dialect[.]
>
> We gave you the opportunity to join our gang but you didn't want to so that is why we are waiting for you to cut your head off and then to make you disappear forever, we want to tear you to pieces, torture you and put lots of bullets in you[.]

The second letter purportedly repeated the threats, but did not explain the writer's motivation.

The BIA denied Lopez-Mendez's motion to reopen the proceedings on January 31, 2012, finding Lopez-Mendez did not show reopening his proceedings likely would result in a different outcome. The BIA found the unsigned letters vague and "they still do not establish a nexus between the threats and a protected ground." The BIA explained the first letter stated the threats were motivated by Lopez-Mendez's refusal to join the gang, which the BIA noted "does not constitute a particular social

group." Finally, the BIA stated the letters did "not demonstrate a change in Guatemala, but rather a continuation of the civil strife and criminal activity that [Lopez-Mendez] has feared since he left the country in 2000."

Lopez-Mendez appeals (1) the IJ's denial of his application; (2) the BIA's denial of Lopez-Mendez's initial appeal; and (3) the BIA's denial of Lopez-Mendez's motion to reopen his proceedings.

## II. DISCUSSION

Because Lopez-Mendez did not file a timely petition in our court to review the BIA's initial order in his case, "[o]ur jurisdiction is limited to review of the BIA order denying [Lopez-Mendez's] motion to . . . reopen the asylum proceedings." Boudaguian, 376 F.3d at 827; see also 8 U.S.C. § 1252(b)(1).

"A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted . . . . [and] shall not be granted unless . . . [the] evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). We review the BIA's denial of such a motion for abuse of discretion. See Boudaguian, 376 F.3d at 827.

> The BIA abuses its discretion if its decision is "without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim."

Kanyi v. Gonzales, 406 F.3d 1087, 1089 (8th Cir. 2005) (quoting Feleke v. INS, 118 F.3d 594, 598 (8th Cir. 1997)).

Lopez-Mendez asserts the BIA erred in denying his motion to reopen because the first letter shows gang members "are clearly persecuting [Lopez-Mendez] based on his membership in" an indigenous group. See 8 U.S.C. § 1158(b)(1)(B)(i) (requiring an applicant for asylum to prove "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant"). The BIA was entitled to rely on the explanation in the first letter that the letters' threats stemmed from Lopez-Mendez's refusal to join the gang and could reject Lopez-Mendez's proposed alternative explanation. Further, "persons resistant to gang violence are too diffuse to be recognized as a particular social group." Constanza v. Holder, 647 F.3d 749, 754 (8th Cir. 2011) (per curiam) (internal quotation marks omitted). Because the letters do not undermine the BIA's initial determination that Lopez-Mendez failed to establish a well-founded fear of persecution based upon an enumerated ground for relief, the BIA did not abuse its discretion in deciding Lopez-Mendez failed to satisfy his heavy evidentiary burden to reopen the removal proceedings.[2] Boudaguian, 376 F.3d at 829; see also 8 U.S.C. §§ 1158(b)(1)(B), 1231(b)(3)(A); 8 C.F.R. § 1003.2(c)(1).

Lopez-Mendez also contends the BIA abused its discretion in denying his motion to reopen because "the physical threats of violence were much more detailed in the letters than they had been in the past." The purported additional detail in the letters does not affect our analysis because Lopez-Mendez's inability to prove a nexus between the threats and a protected ground precludes granting him asylum or withholding of removal. See 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

_____

[2]Separate analysis of Lopez-Mendez's CAT claim was not required because the new letters did not suggest Lopez-Mendez "might be tortured for reasons unrelated to [his] claims for asylum and withholding of removal." Alemu v. Gonzales, 403 F.3d 572, 576 (8th Cir. 2005).

-5-

## III. CONCLUSION

We deny and dismiss Lopez-Mendez's review petition seeking to reopen his removal proceedings.

_____