NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0218n.06

No. 12-3717

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Mar 01, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| BOURLAYE SY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| ERIC H. HOLDER, JR., Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |
| | ) | |

BEFORE:  MERRITT, MARTIN, and CLAY, Circuit Judges.

PER CURIAM.  Bourlaye Sy, a citizen of Guinea, petitions through counsel for review of an order by the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings based on ineffective assistance of counsel.

Sy entered the United States in 1997, at the age of 21.  He overstayed his visa.  Sy has never married, but he has one daughter in Guinea and two sons and one daughter who are United States citizens.  The mother of his younger children is also from Guinea and is in removal proceedings.

Sy applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(b), under which he must show that he has resided in this country for ten years, he is of good moral character, and his removal would result in unusual hardship for a relative.  He argued that his U.S. citizen daughter would be subject to female genital mutilation ("FGM") if she accompanied him to Guinea.  At a hearing before an immigration judge ("IJ"), Sy's original counsel presented evidence that approximately 95% of

women in Guinea undergo FGM. The IJ denied relief, finding that Sy had not established either ten years of residence in this country, or that his daughter would suffer an unusual hardship. The IJ concluded that conditions in Guinea regarding FGM were improving, and that Sy had not shown that his daughter would necessarily undergo FGM. Sy appealed the IJ's decision to the BIA, which concluded that Sy had established ten years of residence, but agreed that he had not shown unusual hardship.

Sy filed a timely motion to reopen the proceeding with new counsel, arguing that his original counsel had been ineffective in failing to present material evidence. He attached evidence showing that the mother of his daughter living in Guinea, that daughter, and the mother of his three younger children had all undergone FGM. The BIA denied the motion because Sy had failed to fulfill the requirements for alleging a claim of ineffective assistance of counsel.

On appeal, Sy argues that it is unclear what requirements for bringing a claim of ineffective assistance of counsel he failed to comply with, and that the requirements are meaningless formalities that should be overlooked. He also argues that he was entitled to protection under the Convention Against Torture, relief that he waived below. The brief contains numerous other errors regarding the basic facts of Sy's claim. Sy also states that he is appealing the underlying decision denying his claim for cancellation of removal.

Contrary to Sy's assertion, the record shows that he did not file a timely appeal of the underlying decision, and our review is therefore limited to the denial of his motion to reopen. *See Lopez-Mendez v. Holder*, 698 F.3d 675, 678 (8th Cir. 2012). We review the denial of a motion to reopen for an abuse of discretion. *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006). An abuse

of discretion will be found where the BIA's denial is without rational explanation, departs from established policies, or is based on invidious discrimination. *Mezo v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010).

When an applicant files a motion to reopen based on ineffective assistance of counsel, the BIA requires that he include an affidavit explaining the agreement with counsel regarding representation, evidence that counsel has been given notice and an opportunity to respond to the allegation of ineffective assistance, and a copy of the complaint filed with disciplinary authorities or an explanation of the lack of such a complaint. *Hamid v. Ashcroft*, 336 F.3d 465, 468–69 (6th Cir. 2003). Contrary to Sy's argument that it is not clear what part of these requirements he failed to comply with, the record shows that Sy failed to comply with all these requirements. Further, these requirements are not mere formalities. We have held that sound policy reasons support compliance with these requirements. *Pepaj v. Mukasey*, 509 F.3d 725, 727 (6th Cir. 2007); *Hamid*, 336 F.3d at 469. Therefore, Sy's failure to comply with the requirements forfeits his claim of ineffective assistance of counsel. *Pepaj*, 509 F.3d at 727. Because the BIA's denial of the motion to reopen was explained, was in conformance with its established policy, and was not based on invidious discrimination, the decision was not an abuse of discretion. The petition for review is denied.