# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1317

_____

| | | |
|---|---|---|
| Luciano Hernandez-Moran, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of an Order of |
| v. | * | the Board of Immigration Appeals. |
| | * | |
| Alberto Gonzales, Attorney General | * | |
| of the United States, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: February 14, 2005
Filed: May 20, 2005

_____

Before LOKEN, Chief Judge, RILEY, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Luciano Hernandez-Moran appeals from the Board of Immigration Appeals ("BIA") denial of his motion to reopen. For reversal, Hernandez argues that his Fifth Amendment due process rights were violated because his counsel was ineffective. We affirm.

## I. *Background*

Hernandez-Moran was a 66-year-old citizen of El Salvador who had been living in the United States for 34 years. He only speaks Spanish, has no convictions, and has three adult children who are permanent residents of the United States.

Hernandez-Moran applied for and obtained temporary residence status under the Special Agricultural Worker Program. Later, the Immigration and Naturalization Service terminated his temporary residence status for failure to submit certain requested evidence.[1] Hernandez-Moran was subsequently charged with removal.

At the hearing, Hernandez-Moran, represented by attorney Opeolu Banwo, admitted to removability but indicated that he intended to apply for relief from deportation through the registry,[2] as well as for cancellation of removal. The immigration judge (IJ) set a two-month deadline for Hernandez-Moran to file his application for relief. Banwo failed to either file an application or request an extension of time to file, claiming that he had not obtained all of the supporting documentation. At a calendar hearing, the IJ determined that Hernandez-Moran's application for relief had been abandoned. During that hearing, Banwo admitted his failure to file Hernandez-Moran's application for relief. The hearing was not translated into Spanish and although the IJ granted Hernandez-Moran voluntary departure, the IJ failed to inform him of this.

Following the calendar hearing, Banwo had no further contact with Hernandez-Moran. However, Banwo appealed Hernandez-Moran's case to the BIA, which administratively closed the case to allow him to apply under the Temporary Protected Status Program. The BIA's decision was mailed to Banwo's office and to Hernandez-Moran's address of record. Neither Banwo nor the BIA had Hernandez-Moran's current address so he was never informed of the BIA's decision. No Temporary

---

[1]In March 2003, the functions of the Immigration and Naturalization Service were transferred to the newly formed Department of Homeland Security (DHS). *See*, Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002).

[2]The registry is the process for obtaining permanent residency for those who entered the United States before January 1, 1972, and who have maintained continuous residence. 8 U.S.C. § 1259.

Protected Status Program application was filed on Hernandez-Moran's behalf. As a result, DHS filed a motion to reinstate removal proceedings and notified Banwo. The BIA affirmed the IJ's decision that Hernandez-Moran abandoned his application and granted voluntary departure. Again the BIA's order was mailed to Hernandez-Moran's address of record.

Subsequently, a "Notice to Obligor to Deliver Alien" was sent to Hernandez-Moran's current address. Following receipt of the notice, Hernandez-Moran with new counsel, filed a motion to reopen removal proceedings and for a stay of removal. He filed the motion more than 90 days after the BIA's final decision, arguing ineffective assistance of counsel. Hernandez-Moran alleged that he informed Banwo about his ineffective assistance claim and gave Banwo an opportunity to respond. With his motion, Hernandez-Moran submitted a letter of complaint to the state bar alleging that he and Banwo never communicated effectively because he spoke Spanish and Banwo did not. Hernandez-Moran also complained that he had no interpreter at the immigration proceedings.

The BIA granted Hernandez-Moran a stay but later denied his motion to reopen removal proceedings based on ineffective assistance of counsel, under *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA), *aff'd*, 857 F.2d 10 (1st Cir. 1988). Hernandez-Moran filed a petition for review and a motion to stay removal with this court. We granted a temporary stay of deportation but later vacated the stay.

## II. *Discussion*

We review the BIA's denial of a motion to reopen for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 324 (1992); *Gebremaria v. Ashcroft*, 378 F.3d 734, 738 (8th Cir. 2004). Such motions are disfavored "because of the strong public interest in bringing litigation to a close, and because '[g]ranting such motions too freely will permit endless delay of deportation by aliens creative and fertile enough to continuously produce new and material facts sufficient to establish a prima facie

case.'" *Id.* at 737 (quoting *INS v. Abudu*, 485 U.S. 94, 108 (1988)). The party moving to reopen bears a heavy burden. *Doherty*, 502 U.S. at 323; *Abudu*, 485 U.S. at 110. "An abuse of discretion occurs if a decision is without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim." *Feleke v. INS*, 118 F.3d 594, 598 (8th Cir. 1997) (holding in context of an asylum claim).

Hernandez-Moran argues that his first counsel, Banwo, was ineffective in not filing his petitions on time, violating his Fifth Amendment due process rights. Consequently, Hernandez-Moran contends that equitable tolling of the filing statute was appropriate, *see Heideman v. PFL, Inc.*, 904 F.2d 1262, 1265–67 (8th Cir. 1990), and the IJ abused his discretion in failing to apply equitable tolling. Hernandez-Moran also argues that he substantially complied with the requirements of *Lozada* and that the BIA's assertions that he made no attempt to bring an interpreter and failed to provide his most recent address to Banwo are unsupported conclusions. We disagree.

We believe that Hernandez-Moran's ineffective assistance of counsel claim fails under the *Lozada* requirements. *Lozada* requires that Hernandez-Moran: (1) submit an affidavit detailing the agreement between him and Banwo; (2) show that the allegations of ineffective assistance were communicated to Banwo and that Banwo was given an opportunity to respond; and (3) submit a statement as to whether a complaint was filed against Banwo with the disciplinary authority of the state bar. *Lozada*, 19 I. & N. Dec. at 639. Hernandez-Moran did not meet any of these requirements. Additionally, Hernandez-Moran failed to prove that he provided Banwo with his current address. In fact, he had not communicated with Banwo in the four years following the first hearing.

To attempt to comply with the third *Lozada* requirement, Hernandez-Moran submitted a one-page letter that was allegedly sent to the state bar. This letter was not in affidavit form as required. The letter was not sent certified and had no official stamp or other evidence that it had been received by the bar. Moreover, the letter simply stated that Hernandez-Moran could not communicate effectively with Banwo due to the language barrier, that he did not have an interpreter at the immigration court, and that he did not understand the proceedings. The letter did not show that Banwo failed to comply with filing deadlines.

Under 8 U.S.C. § 1229a(c)(6)(C)(i), a motion to reopen must be filed within 90 days of the entry of a final administrative order of removal. *See* 8 C.F.R. § 1003.2(c)(2) (providing the motion must be filed no later than 90 days after the date of the final administrative decision). Hernandez-Moran filed his motion nine days late. "[E]quitable tolling is granted sparingly. Extraordinary circumstances far beyond the litigant's control must have prevented timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.), *cert. denied*, 531 U.S. 878 (2000). Hernandez-Moran "bears the burden of making a prima facie showing of entitlement to equitable tolling, and therefore of filling in any gaps in the record regarding whether his case is a case warranting equitable relief." *Jobe v. I.N.S.*, 238 F.3d 96, 101 n.8 (1st Cir. 2001) (en banc).

Hernandez-Moran has not shown extraordinary circumstances far beyond his control. He failed to give the BIA or Banwo his current address and did not submit any evidence that Banwo still represented him. Also, Hernandez-Moran failed to show that Banwo's alleged negligence caused his failure to act timely on his motion to reopen as there was no indication that Banwo represented Hernandez-Moran at that time. As to the language barrier, Hernandez-Moran, who had been living in the United States for almost 30 years, failed to request an interpreter from the IJ or Banwo, and never brought along anyone to aid in communication. Hernandez-Moran's arguments are meritless.

### III. *Conclusion*

We affirm the decision of the BIA denying Hernandez-Moran's motion to reopen.

_____