**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-2195**

EDEM KOMBLA AMEGASHIE,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A95-886-805)

Submitted: May 31, 2006                    Decided: July 6, 2006

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Mark J. Curley, CURLEY LAW OFFICE, Omaha, Nebraska, for Petitioner. Rod J. Rosenstein, United States Attorney, Larry D. Adams, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Edem Kombla Amegashie (Amegashie), a native and citizen of Togo, petitions for review of a Board of Immigration Appeals (Board) order denying his motion to reopen his removal proceedings as both time and numerically barred.[*] We deny the petition for review.

We review the denial of a motion to reopen for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323-24 (1992). The denial of a motion to reopen must be reviewed with extreme deference, since immigration statutes do not contemplate reopening and the applicable regulations disfavor motions to reopen. M.A. v. INS, 899 F.2d 304, 308 (4th Cir. 1990) (en banc). The motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.23(b)(3) (2005). "A motion to reopen will not be granted unless the Immigration Judge is satisfied that evidence sought to be offered is material

_____

[*]We review only the denial of Amegashie's second motion to reopen. We lack jurisdiction to review the Board's prior orders because Amegashie failed to file a timely petition for review as to those orders. Amegashie had thirty days from the date of each of these orders to timely file a petition for review. See 8 U.S.C. § 1252(b)(1) (2000). This time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." Stone v. INS, 514 U.S. 386, 405 (1995) (alteration added). The filing of a motion to reopen or reconsider with the Board does not toll the thirty-day period for seeking review of an underlying order. Id. at 394.

- 2 -

and was not available and could not have been discovered or presented at the former hearing." Id.

Amegashie's second motion to reopen was filed outside the ninety-day time limitation and as a general rule, "a party may file only . . . one motion to reopen proceedings." 8 C.F.R. § 1003.23(b)(1) (2005). The Board affirmed the decision of the immigration judge on July 13, 2004. Amegashie's first motion to reopen was denied on January 27, 2005. Amegashie filed his second motion on September 28, 2005, and thus the immigration judge correctly found it untimely and beyond the one motion limitation of § 1003.23(b)(1).

Amegashie argues he should benefit from equitable tolling based on ineffective assistance of his former counsel. Several federal appellate courts have held that the ninety-day time period for filing a motion to reopen is subject to equitable tolling. See, e.g., Hernandez- Moran v. Gonzales, 408 F.3d 496, 499-500 (8th Cir. 2005); Riley v. INS, 310 F.3d 1253, 1257-58 (10th Cir. 2002); Socop-Gonzalez v. INS, 272 F.3d 1176, 1190-93 (9th Cir. 2001); Iavorski v. INS, 232 F.3d 124, 134 (2d Cir. 2000). But see Anin v. Reno, 188 F.3d 1273, 1278 (11th Cir. 1999) (holding that former statute setting forth time limit for motions to reopen set forth a "mandatory and jurisdictional" time bar). Even if equitable tolling applied, however, we conclude Amegashie failed to show he received ineffective assistance of counsel.

This court has held that "equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). The heart of the immigration judge's negative credibility finding was based on Amegashie's failure to provide specific details about the political persecution directed at him, his demeanor during the merits hearing, and the fact that Amegashie did not apply for asylum until one year after he entered the United States. We find the evidence that Amegashie claims was not properly presented at the merits hearing would not have altered this result. Moreover, any alleged errors committed by previous counsel were known to Amegashie prior to his appeal of the decision of the immigration judge. Thus, we find that Amegashie is unable to demonstrate the type of exceptional circumstances under which equitable tolling applies.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED