# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3422

_____

Ju Weng,                                          *
                                                  *
        Petitioner,                       *
                                                  *
                                                  *  Petition for Review of an Order
    v.                                    *  of the Board of Immigration
                                                  *  Appeals.
Alberto Gonzales,  Attorney General               *
of the United States of America,                  *         [UNPUBLISHED]
                                                  *
        Respondent.                       *

_____

Submitted:  February 15, 2007
Filed:   February 23, 2007

_____

Before WOLLMAN, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

In 1994, Ju Weng, a seventeen-year-old Chinese citizen, was intercepted off the coast of Puerto Rico and placed in foster care in Minnesota. While his exclusion proceedings were pending, he absconded from foster care and failed to attend his removal hearing. Notice of the hearing had been mailed to his appointed counsel. On September 1, 1995, an Immigration Judge (IJ) ordered Weng excluded *in absentia.* On November 25, 1996, Weng, through new counsel, moved to reopen his exclusion proceedings claiming he never received notice of his removal hearing. The motion was denied and no appeal was taken. On December 10, 2002, Weng again moved to reopen, claiming his circumstances had changed because he had married, had one

United States citizen child, and his wife was again pregnant. He claimed he failed to appear at his removal hearing because there was "some miscommunication" between him and his attorney. On January 6, 2003, the IJ denied this motion to reopen, finding Weng had not established "reasonable cause" for his failure to appear. He appealed and the BIA affirmed, finding he had prior notice of the hearing as it was mailed to his attorney, and further finding he did not meet his burden of demonstrating a prima facie case of asylum eligibility. Weng originally (and mistakenly) petitioned the Second Circuit Court of Appeals for review and the matter was later transferred to this court. After careful review, we deny the petition.

The BIA's denial of a motion to reopen is reviewed for abuse of discretion, and we will so find only where "a decision is without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim." Hernandez-Moran v. Gonzales, 408 F.3d 496, 499 (8th Cir. 2005) (quotation omitted). An alien who fails to appear at a removal hearing and has been ordered excluded *in absentia* may move to reopen proceedings to rescind the exclusion order, but must support his motion with evidence he had "reasonable cause" for his failure to appear. 8 C.F.R. § 1003.23(b)(4)(iii)(B). In Weng's motion, he claimed he was young, and he and his attorney had a "miscommunication" about the hearing. Both the IJ and the BIA found this vague statement about a miscommunication as being insufficient to establish reasonable cause. In his petition, he does not challenge this finding. As such, he has waived this claim. Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) ("Since there was no meaningful argument on this claim in his opening brief, it is waived.").

Weng also moved to reopen based on changed circumstances. He claimed, because he violated China's "one couple, one child" policy while in the United States, he would be forcibly sterilized if returned to China. Such motions to reopen are governed by 8 C.F.R. § 1003.23(b)(3), and are treated separately from motions to

reopen in order to rescind *in absentia* exclusion orders under 8 C.F.R. § 1003.23(b)(4)(iii)(B). Song Jin Wu v. INS, 436 F.3d 157, 161 n.1 (2d Cir. 2006). The BIA may deny a "changed circumstances" motion to reopen if it finds the movant failed to establish a prima facie case for asylum. INS v. Abudu, 485 U.S. 94, 104 (1988). Here, the BIA found he had not established his prima facie case, as he failed to proffer evidence to support the objective reasonableness of his fear of sterilization. To qualify for asylum, an alien must show he subjectively fears persecution and, by credible, direct, and specific evidence, that this fear is objectively reasonable. Gebremaria v. Ashcroft, 378 F.3d 734, 739 (8th Cir. 2004). In support of the motion, Weng submitted an affidavit detailing his fear of sterilization. He also submitted two articles, from 1996 and 1999, describing the forced abortions of women in China and a 1997 Canadian Immigration and Refugee Board decision finding a Chinese woman had a well-founded fear of future persecution as she had undergone forced abortion while in China and had been warned any future pregnancies would be aborted and she would be sterilized. In his petition, Weng relies heavily on Guo v. Ashcroft, 386 F.3d 556 (3d Cir. 2004), wherein the Third Circuit granted a petition for review where the BIA imposed an incorrect, more stringent, asylum standard, and the petitioner, a Chinese woman with two children, submitted an expert affidavit detailing China's enforcement of its "one couple, one child" policy with respect to foreign-born children. Here, unlike in Guo, the BIA did not utilize an incorrect standard. Furthermore, Weng did not submit an expert affidavit. Instead, he submitted an outdated decision and two articles which describe *women* who underwent forced abortion after returning to China. This is insufficient to establish his fear of sterilization, as a male, is objectively reasonable. As such, we agree he did not establish his prima facie case for asylum and, accordingly, hold the BIA did not abuse its discretion in denying his motion to reopen.

We deny the petition for review.

_____

-3-