# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3897

_____

| | | |
|---|---|---|
| James Olakunle Osifuye, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of a |
| v. | * | Decision of the Board of |
| | * | Immigration Appeals. |
| Michael B. Mukasey, Attorney | * | |
| General of the United States,[1] | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: November 12, 2007
Filed: November 19, 2007

_____

Before RILEY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

James Olakunle Osifuye, a native and citizen of Nigeria, petitions for review
of a decision by the Board of Immigration Appeals (BIA) affirming an order of the
Immigration Judge (IJ) denying his motion to reopen removal proceedings conducted
in absentia. We deny the petition.

_____

[1]Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure,
Michael B. Mukasey is substituted for Peter D. Keisler as respondent.

We review the denial of an alien's motion to reopen his removal proceedings for abuse of discretion.  See Habchy v. Gonzales, 471 F.3d 858, 861 (8th Cir. 2006).  The agency abuses its discretion where its decision "is without rational explanation, departs from established policies, . . . or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim."  Id. at 861–62 (internal quotations and citation omitted).  Where the BIA essentially adopts the opinion of the IJ and adds some analysis of its own, we review both decisions for abuse of discretion.  See Krasnopivtsev v. Ashcroft,  382 F.3d 832, 837 (8th Cir. 2004).

We first note that an alien seeking to reopen his removal proceedings "bears a heavy burden."  Hernandez-Moran v. Gonzales, 408 F.3d 496, 499 (8th Cir. 2005).  If the alien demonstrates that "exceptional circumstances" prevented him from appearing at his removal proceedings, the agency may grant the motion to reopen those proceedings.  See 8 U.S.C. § 1229a(b)(5)(C)(i).  "Exceptional circumstances" are those beyond the alien's control, including "serious illness of the alien or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances."  Id. § 1229a(e)(1).

In support of his motion to reopen, Osifuye submitted medical records confirming that he was admitted to the emergency room on the date of his hearing, suffering from high blood pressure and complications from other medical problems.  Osifuye provided sufficient evidence to establish that he was hospitalized for some period of time on the morning of his hearing.  There was also evidence showing, however, that Osifuye (1) left the hospital against medical advice when he learned that law enforcement officers were en route to arrest him for non-payment of child support; (2) informed his immigration attorney via cellular telephone that he had no intention of attending the removal hearing because he was meeting with another

attorney regarding his imminent arrest on the child-support issue; and (3) failed to appear for the hearing even after the IJ delayed the start of the proceedings for approximately two hours to allow Osifuye time to reconsider his decision and appear. Osifuye argues that he intended to appear at the hearing after the IJ delayed its start but was unable to obtain transportation. The agency rejected this explanation, concluding that it did not qualify as an exceptional circumstance to justify Osifuye's failure to appear.

In these circumstances, we conclude that neither the IJ nor the BIA abused its discretion in determining that Osifuye failed to demonstrate that he suffered from a serious illness sufficient to establish "exceptional circumstances" for failing to appear at his removal proceedings. Accordingly, the petition for review is denied.

_____