# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1841

_____

Xiaolan Shi,                            *
                                        *
              Petitioner,               *
                                        *   Petition for Review of an
       v.                               *   Order of the Board of
                                        *   Immigration Appeals.
Eric H. Holder, Jr.,[1] Attorney General *
of the United States,                   *
                                        *   [UNPUBLISHED]
              Respondent.               *

_____

Submitted: June 11, 2009
Filed: June 16, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Chinese citizen Xiaolan Shi petitions for review of the Board of Immigration Appeals' (BIA's) order denying her motion to reopen. After careful review, we conclude the BIA acted within its discretion in denying Shi's motion to reopen, because the motion was filed more than thirteen months after the final removal order, see 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within 90 days of

_____

[1]Eric H. Holder, Jr., has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

final removal order), and because Shi had previously sought reopening, <u>see</u> 8 U.S.C. § 1229a(c)(7)(A) (alien may file one motion to reopen). <u>See</u> <u>Habchy v. Gonzales</u>, 471 F.3d 858, 861 (8th Cir. 2006) (standard of review). We also conclude the BIA did not abuse its discretion in refusing to waive the numerical and time limitations based on the alleged ineffective assistance of counsel because Shi failed to comply with the <u>Lozada</u>[2] requirements. <u>See</u> <u>id.</u> at 863-64; <u>Hernandez-Moran v. Gonzales</u>, 408 F.3d 496, 499 (8th Cir. 2005).

Accordingly, we deny the petition.

_____

_____

[2]<u>Matter of Lozada</u>, 19 I. & N. Dec. 637, 639 (BIA 1988) (petitioner must submit affidavit attesting to relevant facts; must inform counsel of allegations and allow response; and must state whether complaint has been filed with appropriate disciplinary authorities, and if not, why not).