**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1581**

DIGAFFA BALCHA URGA,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: October 31, 2011        Decided: January 9, 2012

Before MOTZ, KING, and DAVIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

David A. Garfield, GARFIELD LAW GROUP, LLP, Washington, D.C., for Petitioner. Tony West, Assistant Attorney General, James E. Grimes, Senior Litigation Counsel, Walter Bocchini, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Digaffa Balcha Urga, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") denying her motion to reconsider the denial of her motion to reopen. Because we conclude that the Board did not abuse its discretion in finding that Urga was not sufficiently diligent to support equitable tolling of the ninety-day period in which to file a motion to reopen, we deny the petition for review.

The denial of a motion to reconsider is reviewed for abuse of discretion. Narine v. Holder, 559 F.3d 246, 249 (4th Cir. 2009); Jean v. Gonzales, 435 F.3d 475, 481 (4th Cir. 2006); 8 C.F.R. § 1003.2(a) (2011). A motion to reconsider asserts the Board made an error of fact or law in its earlier decision. 8 C.F.R. § 1003.2(b). This court will reverse a denial of a motion to reconsider "only if the Board acted arbitrarily, irrationally, or contrary to law." Narine, 559 F.3d at 249 (internal quotation marks omitted). A motion to reconsider must "state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1); see also 8 U.S.C. § 1229a(c)(6)(C) (2006) ("The motion [to reconsider] shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority.").

"[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2006).

A motion to reopen "shall be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i) (2006); see also 8 C.F.R. § 1003.2(c)(2) (2011). In the order denying reconsideration, the Board assumed that the ninety day period in which to file a motion to reopen was tolled until Urga's current counsel was retained. The Board found Urga did not provide sufficient reasons to continue to toll the ninety day period after she retained counsel and discovered her first counsel's alleged ineffectiveness. We conclude that the Board did not abuse its discretion in finding that Urga did not establish extraordinary circumstances that would warrant tolling the ninety day period any further. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (equitable tolling may be appropriate if the litigant can show some extraordinary circumstance beyond her control that prevented her from complying with the statutory time limit); see also Hernandez-Moran v. Gonzales, 408 F.3d 496, 499-500 (8th Cir. 2005) (equitable tolling is granted sparingly and alien must demonstrate extraordinary circumstances). We find there was nothing extraordinary about the reasons Urga offered to show why it took her new counsel longer than ninety days to file the

3

motion to reopen. Counsel's delay in filing the motion to reopen does not entitle Urga to equitable tolling. See, e.g., Rouse v. Lee, 339 F.3d 238, 248-49 (4th Cir. 2003) (habeas petitioner's counsel's mistake does not serve as a ground for equitable tolling because counsel's actions are attributable to petitioner).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

4